# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| Karl W. Schenker, | Case No.: 3:23-cv-00094-RCJ-CLB |
| Plaintiff | **Order** |
| v. | **(ECF Nos. 7, 8, 10, 12)** |
| C/O Garcia, et al., | |
| Defendant | |

This is a *pro se* prisoner civil rights action, brought pursuant to 42 U.S.C. § 1983. Before the Court is Plaintiff Karl W. Schenker's motions for order to show cause (ECF Nos. 7, 12), a motion for reconsideration (ECF No. 8), and a motion to correct amended complaint (ECF No. 10).

**I.     Background**

The Court screened Plaintiff's first amended complaint ("FAC") allowing Plaintiff's First Amendment retaliation claim to proceed. ECF No. 5. The Court dismissed Plaintiff's Fourteenth Amendment equal protection claim without prejudice and with leave to amend. *Id*. The Court granted Plaintiff 30 days to amend his equal protection claim and informed Plaintiff that if he chooses not to file a second amended complaint curing the stated deficiencies, this action will proceed on the claims alleging First Amendment retaliation against Defendants Garcia, McManus, Jackson, and Henley only. *Id*. at 10-11.

**II.    Motions to Show Cause**

Plaintiff filed a motion to show cause that plaintiff was "retaliated upon for being gay" (ECF No. 7) as well as a motion to show cause that Defendant Henley physically harms Plaintiff (ECF No. 12). Although Plaintiff appears to assert additional allegations in his motions to show cause, he affirms that he does not want to amend his FAC and would like to proceed on the

retaliation claims. ECF No. 12 at 1. Because Plaintiff provides that he does not intend to amend his FAC, the Court denies his motions to show cause (ECF Nos, 7, 12).

### III. Motion for Reconsideration

Plaintiff requests that the Court reconsider its order denying his motion for appointment of counsel because he suffers from a disability. ECF No. 8. He asserts that he has a severe hand tremor, declining eyesight, and low intelligence requiring assistance from staff and inmates. *Id*. at 3.

A motion to reconsider must set forth "some valid reason why the court should reconsider its prior decision" and set "forth facts or law of a strongly convincing nature to persuade the court to reverse its prior decision." *Frasure v. United States*, 256 F.Supp.2d 1180, 1183 (D. Nev. 2003). Reconsideration is appropriate if this Court "(1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *Sch. Dist. No. 1J v. Acands, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993). "A motion for reconsideration is not an avenue to re-litigate the same issues and arguments upon which the court already has ruled." *Brown v. Kinross Gold, U.S.A.*, 378 F.Supp.2d 1280, 1288 (D. Nev. 2005). Because Plaintiff fails to demonstrate newly discovered evidence, that the Court committed clear error, or an intervening change in controlling law, the Court denies his motion for reconsideration.

### IV. Motion to Correct Amended Complaint

Plaintiff provides that Defendant Garcia is no longer a correctional officer and requests permission to amend the caption. ECF No. 10. The Court grants Plaintiff's motion and directs the Clerk of the Court to replace "C/O Garcia" with "J. Garcia" on the docket.

### V. Conclusion

It is therefore ordered that Plaintiff Karl W. Schenker's motions for order to show cause (ECF Nos. 7, 12) are DENIED.

It is further ordered that Plaintiff's motion for reconsideration (ECF No. 8) is DENIED.

It is further ordered that Plaintiff's motion to correct amended complaint (ECF No. 10) is GRANTED.

It is further ordered that the Clerk of the Court is directed to replace Defendant "C/O Garcia" with "J. Garcia" on the docket.

DATED this 12th day of October, 2023.

ROBERT C. JONES
UNITED STATES DISTRICT JUDGE

3